**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DERRON RONZAY PITTMAN,       :
                             :
    Plaintiff,           :
                             :
v.                           :       CIVIL ACTION NO.
                             :       1:13-CV-2368-RWS
DAL GLOBAL SERVICES, *et al.*,   :
                             :
    Defendants.          :

## <u>ORDER</u>

    This case is before the Court for consideration of Plaintiff's Application to Appeal *in Forma Pauperis* [8]. After reviewing the record, the Court enters the following Order.

    Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915 provides:

    (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and

affiant's belief that the person is entitled to redress.

. . .

(3) An appeal may not be taken in forma pauperis if the trial court
certifies in writing that it is not taken in good faith.
Similarly, Federal Rule of Appellate Procedure 24 provides:

(1) . . . [A] party to a district-court action who desires to appeal in
forma pauperis must file a motion in the district court. The party must
attach an affidavit that:
(A) shows . . . the party's inability to pay or to give security for
fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.
. . .

(3) . . . A party who was permitted to proceed in forma pauperis in the
district-court action . . . may proceed on appeal in forma pauperis
without further authorization, unless: (A) the district court--before or
after the notice of appeal is filed--certifies that the appeal is not taken
in good faith . . . and states in writing its reasons for the certification
or finding. . . .

Thus, two requirements must be satisfied for a party to prosecute an

appeal *in forma pauperis*. First, the party must show an inability to pay. Second,

the appeal must be brought in good faith.

Plaintiff has submitted an affidavit demonstrating his inability to pay the

filing fee required for an appeal. Having reviewed that filing, the Court finds

that Plaintiff has made the requisite showing. The Court therefore turns to

examine whether Plaintiff has satisfied the good faith requirement.

2

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated differently, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Both § 1915(a) and Rule 24(1) require the individual seeking to appeal *in forma pauperis* to submit a statement of good faith issues to be appealed. <u>See</u>, <u>e.g.</u>, FED. R. APP. P. 24(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. <u>Martin v. Gulf States Util. Co.</u>, 221 F. Supp. 757, 760 (D.C. La. 1963).

The Court now turns to address the question of whether an appeal by Plaintiff in this case would be taken in good faith. In his Complaint, Plaintiff alleges violations Title VII, the Americans With Disabilities Act and the Equal Pay Act. The claims are based on his employment with Defendant DAL Global Services from June 2, 2003 until June 14, 2005. Plaintiff alleges that he filed a charge with the EEOC and received a Notice of Right-To-Sue on July 14, 2005. However, he did not file suit until July 17, 2013. Thus, the Court found that none of Plaintiff's claims were timely. In his Application to Appeal *in Forma Pauperis*, Plaintiff makes reference to a bankruptcy but offers no specific factual allegations that would excuse his delay in filing this action. Plaintiff fails to identify any issues that have arguable merit either in law or fact.

Therefore, the Court concludes that any appeal taken from this matter would be frivolous and without arguable merit.

Based on the foregoing, Plaintiff's Application to Appeal *in Forma Pauperis* [8] is **DENIED**.

**SO ORDERED**, this __31st__ day of October, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)